**In the Matter of the Complaint of SEDCO, INC. As Owner of the Mobile Drilling Unit Sedco 135, Its Engines, Tackle, Apparel, etc., In a Cause of Exoneration From or Limitation of Liability.**

**Civ. A. Nos. H–79–1880, H–79–1982, H–79–2157, H–79–2389, H–79–2436 and H–81–120.**

United States District Court, S.D. Texas.

Aug. 24, 1984.

---

Theodore C. Dimitry, Eugene Silva, H.S. Morgan, Harold Watson, Francis Spagnoletti, Vinson & Elkins, Houston, Tex., for Sedco, Inc., petitioner.

Ted Hirtz, B.D. Daniel, Dave Elmers, Hirtz & McDonough, Houston, Tex., for Permargo.

Finis E. Cowan, Joseph Cheavens, Thomas Matlock, Baker & Botts, Houston, Tex., for Pemex.

Joseph D. Jamail, Richard Mithoff, Jamail & Kolius, Houston, Tex., for George F. Haylock, et al.

W. James Kronzer, Kronzer, Abraham & Watkins, Houston, Tex., Rollins M. Koppel, Michael Ezell, Koppel, Ezell & Deane, Harlingen, Tex., Roger Robinson, Raymondville, Tex., Paul Cunningham, Jr., South Padre Island, Tex., for Willacy County Navigation Dist., et al.

Sidney Ravkind, Mandell & Wright, Houston, Tex., Richard C. Arroyo, Brownsville, Tex., for Troy Giles, et al.

Douglas Caroom, Ken Cross, Austin, Tex., for Mark White, etc., et al.

Robins Brice, Royston, Rayzor, Vickery & Williams, Houston, Tex., for Exploration Loggins, S.A.

Jack Shepherd, Asst. U.S. Atty., Houston, Tex., Wells D. Burgess, Charles Findlay, Washington, D.C., for United States of America.

Michael R. Ezell, Koppel, Ezell & Deane, Harlingen, Tex., Jack G. Carinhas, Jr., Carinhas, Dale & Morrow, Brownsville, Tex., for Ahco, Inc., et al.

Norbert John Wilcox, Dallas, Tex., for Norbert John & Terree Ann Wilcox.

## MEMORANDUM AND ORDER

O'CONOR, District Judge.

Before the Court is Sedco, Inc.'s ("Sedco") Motion for Reconsideration of this Court's March 30, 1982 Interlocutory Order, 543 F.Supp. 561, dismissing Petroleos Mexicanos (Pemex) for lack of subject matter jurisdiction based on the grant of sovereign immunity provided by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. ("FSIA"). Also before the Court is Perforaciones Marinas Del Golfo S.A.'s ("Permargo") Motion to Direct Arbitration and Motion to Stay Litigation Pending Arbitration.

Sedco, in its motion, urges that Pemex's activities in drilling the Ixtoc I well came under the commercial acts exception in Section 1605(a)(2) of the FSIA. The third clause of § 1605(a)(2), applicable here, requires that the lawsuit be based on acts in connection with commercial activity performed outside the United States which have direct effects in the United States.

This Court, in its March 30, 1982 Order, gave perhaps too much weight to the evidence presented by Pemex that the well was drilled for exploratory purposes to aid the Mexican government's long range planning and policy-making process concerning the development of its minerals. That evidence was presented by the affidavits of two Mexican lawyers and a letter from a Mexican consul in Houston, Texas. Sedco has presented evidence in its Memorandum in Support of Motions for Rehearing and Reconsideration which conflicts with this Court's conclusion based on said evidence that the IXTOC I well was drilled for exploratory purposes. Sedco attached as Exhibit A to its Memorandum a copy of the Pemex drilling program for the well as authenticated by the affidavit of Monty Jack Tarbutton which indicates the well was drilled for commercial exploitation. The objective, as stated by the Pemex drilling program, paragraph 4, was to:

> Find hydrocarbons *in commercial quantities* in openings of the paleocene, *already producing* in the following fields: CHAC, AKAL, NOHOCH, X. and BACAB; as well as in the dolomites of the cretaceous and geracic. (Emphasis added)

Sections 10.3.5 and 10.3.6 of the Pemex drilling program required the IXTOC I well to be cased, that is, lined with pipe, at certain levels as it was drilled in order to:

**308**

Isolate probable intervals of production and to attain the exploitation of those that might be found worthwhile.

There is a genuine factual dispute evidenced by conflicting affidavits and documents as to the characterization of the well. This Court would prefer to have the affiants appear in court in person in order to judge the credibility of those witnesses. Fairness thus dictates that the jurisdictional determination should be made after a full evidentiary hearing; accordingly, the Court will carry Pemex's Motion to Dismiss for lack of subject matter jurisdiction along with the trial on the merits due to the intertwining factual issues which impinge on jurisdictional and merit considerations.

Therefore, this Court's March 30, 1982 order granting Pemex's Motion to Dismiss for lack of subject matter jurisdiction is vacated.

Permargo's Motions for An Order Directing Arbitration and Stay of Proceedings Pending Arbitration are denied because Pemex is now a party to the pending litigation and complete resolution of the matters before this Court cannot be had without Permargo's participation as a party to this litigation.

For the above stated reasons, it is hereby

ORDERED that the portion of this Court's March 30, 1982 Order dismissing Pemex from this litigation is vacated and a decision on Pemex's Motion to Dismiss for want of subject matter jurisdiction is postponed until evidence is heard at the trial on the merits.

It is further ORDERED that Permargo's Motion to Direct Arbitration and Motion to Stay Litigation Pending Arbitration are DENIED.